# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| FLEISHMAN-HILLARD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-676 CAS |
| | ) | |
| RED MCCOMBS, HAL JONES, and | ) | |
| BRADY OMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Red McCombs and Hal Jones' motion for leave to file their motion to dismiss out of time. In their motion, defendants seek leave to file their motion to dismiss eight days late. The motion was prompted by plaintiff's response to defendants' motion to dismiss, in which plaintiff argued that defendants had waived their right to contest personal jurisdiction because they did not timely file a motion to dismiss.

On March 8, 2010, plaintiff filed this action in the Circuit Court for St. Louis County, Missouri. Plaintiff served defendants on April 1, 2010. On April 22, 2010, prior to filing a responsive pleading, defendants filed a Notice of Removal. They amended this Notice of Removal on April 30, 2010.

Federal Rule of Civil Procedure 81(c)(2) governs the time in which a removing defendant must respond to the complaint, and states:

> (2) . . . A defendant who did not answer before removal must answer or present other defenses . . . within the longest of these periods:
>     (A)    21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;
>     (B)    21 days after being served with the summons for an initial pleading on file at the time of service; or

(C)     7 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c)(2).

Pursuant to Rule 81(c)(2), defendants' motion to dismiss was due on April 29, 2010, which is seven days after they filed the Notice of Removal. Defendants filed their motion to dismiss, however, seven days after they filed their amendment to the Notice of Removal, which was technically eight days late. In their motion, defendants state that miscommunication between their attorneys caused the original Notice of Removal to require amendment. They state further that the motion to dismiss was "filed in what was believed to be a timely manner." Defs. Mot. for Leave to File Out of Time at 2. Although plaintiff opposes the motion for leave to file out of time, plaintiff's argument against the motion is only that the motion to dismiss was untimely. See Pl.'s Mem. in Opp'n to Defs.' Mot. for Leave to File Out of Time at 2 (incorporating the memorandum in opposition to the motion to dismiss).

Federal Rule of Civil Procedure 6(b) authorizes the courts to accept late filings where the failure to timely file is the result of "excusable neglect." Fed. R. Civ. P. 6(b). The Supreme Court has interpreted "excusable neglect" as an "elastic concept" not limited to circumstances beyond the control of the party. Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 392 (1993). In Pioneer, the Supreme Court held that whether a party's failure to meet a deadline is excusable is an equitable determination, "taking account of all the relevant circumstances surrounding the party's omission." Id. at 395. In making this equitable determination, the Court listed a number of relevant factors the trial court should consider: (1) the danger of prejudice to the non-moving party; (2) the potential impact on the proceedings; (3) the reason for the delay, including whether it was within the party's control; and (4) whether the party acted in good faith. Id.; see also Sugarbaker

v. SSM Health Care, 187 F.3d 853, 855-56 (8th Cir. 1999) (applying factors to "excusable neglect" under Rule 6(b)).

Based on defendants' counsel's representations, the Court finds that defendants' failure to timely file their motion to dismiss was not the result of bad faith, but rather the result of excusable neglect. Miscommunication caused defendants to file an amended Notice of Removal, and they calculated their response date based on the filing of this amended Notice of Removal. Moreover, the Court cannot find that plaintiff has suffered any prejudice resulting from this eight-day delay in filing the motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Red McCombs and Hal Jones' motion for leave to file out of time is **GRANTED**. [Doc. 14]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of December, 2010.