**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| FLEISHMAN-HILLARD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-676 CAS |
| | ) | |
| RED MCCOMBS, HAL JONES, and | ) | |
| BRADY OMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Brady Oman's motion to dismiss for lack of personal jurisdiction and defendants Hal Jones and Red McCombs' motion to dismiss or, alternatively, motion to transfer venue. Plaintiff opposes both motions and defendants have filed replies. For the following reasons, the Court will deny both motions without prejudice and will order the parties to engage in a sixty-day jurisdictional discovery period, after which time defendants may renew their motions to dismiss.

**Background**

Plaintiff Fleishman-Hillard, Inc. is a public relations and communications firm. According to the complaint, defendants Brady Oman, Hal Jones, and Red McCombs are the founding principals, members, and owners of Flagship Group, LLC ("Flagship"), a Delaware limited liability company. In July 2008, plaintiff and Flagship entered into a written consulting agreement, whereby plaintiff agreed to furnish public relations and communications services to Flagship. Flagship failed to pay for the majority of these services. In August 2009, plaintiff filed a collection lawsuit in St. Louis County

Circuit Court. Flagship did not file any responsive pleadings in the lawsuit, and default was entered against it.

After Flagship defaulted under the lawsuit, plaintiff received financial statements from Flagship. In conjunction with plaintiff's receipt of the company's financial statements, defendant Brady Oman made various payment promises on behalf of Flagship, as an inducement for plaintiff to delay requesting a final judgment in the lawsuit. These payment promises were memorialized in a Consent Judgment. Pursuant to its terms, the Consent Judgment would only be filed with the St. Louis County Circuit Court if Flagship failed to pay 50 percent of the outstanding balance before February 1, 2010. No payments were received from Flagship prior to the February 1, 2010 deadline. The Consent Judgement was filed with the St. Louis County Circuit Court and became a final order and judgment on February 3, 2010. To date, the Judgment remains unsatisfied.

On March 8, 2010, plaintiff filed the instant lawsuit in the St. Louis County Circuit Court against the individual defendants alleging intentional and negligent misrepresentation (Counts I and II), piercing the corporate veil (Count III), and quantum meruit/unjust enrichment (Count IV). Plaintiff alleges that defendants established Flagship as an unfunded corporation, and made misrepresentations to induce plaintiff to furnish public relations and communications services without compensation. Among other relief, plaintiff asks the Court to invoke its equitable powers and pierce the corporate veil of Flagship to hold the individual defendants personally liable under the Consent Judgment. Defendants Jones and McCombs removed the case to this Court on April 22, 2010.

All three defendants filed motions to dismiss based on lack of personal jurisdiction. In addition, defendants Hal Jones and Red McCombs move to dismiss for failure to state a claim, and move in the alternative to transfer venue to the Western District of Texas. In his reply, defendant

Brady Oman requests that the Court hold an evidentiary hearing if it concludes plaintiff has made a prima facie showing of personal jurisdiction over Mr. Oman. Likewise, plaintiff states that if the Court requires further evidence, plaintiff requests jurisdictional discovery and an evidentiary hearing.

**Discussion**

In support of his motion to dismiss for lack of personal jurisdiction, defendant Brady Oman states that he is a resident of Travis County, Texas and has had no personal contacts with the State of Missouri in his individual capacity. His only contacts with Missouri, he states, relate solely to his role as President of Flagship, a separate legal entity. In his reply brief, Mr. Oman submits an affidavit, detailing both his and Flagship's contacts with Missouri. He states that the contract between plaintiff and Flagship was not executed in Missouri, no services were to be performed by plaintiff for Flagship in Missouri, Mr. Oman did not travel to Missouri to negotiate the contract, he did not communicate with anyone in Missouri about Flagship or about plaintiff's services, and plaintiff's employees who provided services for Flagship were located in California, including the employee who signed the contract. Mr. Oman states further that the Consent Judgment was signed by him in Texas, he conducts no business in Missouri, owns no property in Missouri, and employs no people in Missouri. See Oman Aff. ¶¶ 1-15.

In their motion to dismiss for lack of personal jurisdiction, defendants Hal Jones and Red McCombs state they have never been a principal in, or owner of, Flagship Group; have never resided in or had offices in the State of Missouri; never engaged in business in the State of Missouri; never committed any tort within the State of Missouri; never had any employees or agents in the State of Missouri; and never entered into a contract with plaintiff in the State of Missouri or anywhere else.

Additionally, Jones and McCombs state that plaintiff has not pled any allegations related in any way to any minimal contacts with Missouri attributable to defendants Jones and McCombs.

In response to defendants' motions to dismiss, plaintiff contends, inter alia, that the Court may exercise personal jurisdiction against defendants based on the conduct of Flagship. Plaintiff states that defendants are the "founding principals, members, and owners of Flagship," and Flagship is the "alter ego" of defendants. Plaintiff cites to Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Mgmt., Inc., 519 F.2d 634 (8th Cir. 1975), in which the Eighth Circuit found "where a corporation is the alter ego of the stockholders so as to justify disregard of the corporate entity, jurisdiction over the corporation will support jurisdiction over the stockholders." Id. at 638.

Generally, a court may not exercise jurisdiction over individual officers of a corporation merely on the basis of contacts sufficient to justify the exercise of personal jurisdiction over the corporation. See generally 16 James Wm. Moore, Moore's Federal Practice § 108-42[3][b] (3d ed. 2010). An exception applies, however, when the corporation is merely an "alter ego" of the individual officers. "Jurisdiction over an individual may be possible base on this 'alter ego' exception on a standard less stringent than that normally required for the court to 'pierce the corporate veil.'" Id. In the instant case, plaintiff asks the Court to find Flagship the alter ego of defendants, to pierce the veil of Flagship, and to hold the individual defendants personally liable under the Consent Judgment.

The Court has reviewed all the jurisdictional arguments raised by the parties, and concludes that Missouri courts would not be able to exercise personal jurisdiction over the individual defendants arising out of their personal contacts with Missouri. The only potential means of asserting personal

jurisdiction over the defendants would be to find Flagship the "alter ego" of defendants, disregard the corporate entity, and attribute Flagship's contacts with Missouri to the individual defendants.

The threshold question, then, is whether Flagship is subject to personal jurisdiction in Missouri courts. The Court finds that Flagship's purposeful act of entering into a Consent Judgment in the Circuit Court of St. Louis County sufficient contact with the State of Missouri to support personal jurisdiction over Flagship arising out of this contact. Flagship entered into a Consent Judgment in a Missouri court, purposefully availing itself of the privilege of doing business in Missouri, and waiving any personal jurisdiction argument it might have had in that case. Neither party has contested that Missouri courts would have personal jurisdiction over Flagship to enforce the Consent Judgment against it. What is disputed is whether those contacts can be attributed to defendants—the alleged principals, owners, and members of Flagship.[1]

The parties have not adequately briefed the requirements for piercing the corporate veil. For example, under Missouri law, the plaintiff must show that the corporation was so dominated by defendant that it was a "mere instrument" of the defendant, and indistinct from defendant. See 66, Inc. v. Crestwood Commons Redevelopment Corp., 998 S.W.2d 32, 40 (Mo. 1999). Factors that indicate such control are whether Flagship ever had any assets, net worth, bank accounts, or records; whether it conducted any activity other than entering into the contract with plaintiff; whether a corporate resolution authorized the Consent Judgment; and whether defendants owned 100 percent of Flagship. See id.; see also Mobius Mgmt. Sys., Inc. v. West Physician Search, LLC, 175 S.W.3d

---

[1] Contrary to defendant Oman's argument, the required relationship exists between this Missouri-based activity and the cause of action. Plaintiff's action seeks to pierce the corporate veil and hold the individual defendants liable under the Consent Judgment. This claim, therefore, arises out of a Consent Judgment that was filed in Missouri state court.

186, 188-89 (piercing corporate veil to find owner personally liable for corporation's consent judgment). While plaintiff has pointed to Flagship's financial statements to show that Flagship had no income or assets in 2009, plaintiff has not established that the defendants exercised the degree of dominion and control over Flagship to the extent necessary to pierce the corporate veil.

The Court is mindful that personal jurisdiction over the individual defendants is possible based on this "alter ego" exception on a standard less stringent than that required for the Court to pierce the corporate veil. However, the Court does not have the information necessary to determine that Flagship is merely an "alter ego" of the defendants. This is particularly true with respect to defendants Jones and McCombs, who assert in the briefing (but not by affidavit) that they were never a principal in, or owner of, Flagship. Finally, the parties have not addressed the choice of law issues, specifically which state's substantive law applies to plaintiff's piercing the corporate veil claim, i.e., Missouri substantive law or the substantive law of Flagship's state of incorporation.

The Court will order the parties to engage in sixty-day jurisdictional discovery period, after which time defendants may renew their motions to dismiss. In briefing the renewed motions, both parties shall address choice of law issues and veil-piercing issues. Plaintiff will be required to establish, by a preponderance of the evidence, that defendants are subject to personal jurisdiction in Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Hal Jones and Red McCombs' Motion to Dismiss or, Alternatively, Motion to Transfer Venue is **DENIED without prejudice**. [Doc. 11]

**IT IS FURTHER ORDERED** that defendant Brady Oman's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED without prejudice**. [Doc. 18]

**IT IS FURTHER ORDERED** that the parties shall engage in a sixty-day jurisdictional discovery period, to commence on the date of this Order, after which time defendants shall have fourteen days to refile their motions to dismiss.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 7th day of January, 2011.