UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FLEISHMAN-HILLARD, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10-CV-676 CAS |
| ) | |
| RED MCCOMBS, HAL JONES, and ) | |
| BRADY OMAN, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on review of the file after defendant Brady Oman filed a memorandum in opposition to plaintiff's motion to compel. In defendant Oman's memorandum, he states that the parties are engaged in Court-ordered jurisdictional discovery to determine whether personal jurisdiction exists over the defendants in this district. Defendant Oman states that the discovery conducted to date demonstrates the following: (1) there is not a single witness or party representative in the case who resides in Missouri; (2) all plaintiff's witnesses reside outside Missouri; (3) none of the public relations work performed by plaintiff that is the subject of this action occurred in Missouri; (4) no meetings or communications between defendants or between defendants and plaintiff's employees took place in Missouri; (5) no contracts were executed in Missouri between the parties; (6) no services were performed by plaintiff in Missouri for defendants; and (7) no documents related to this case are located in Missouri. Defendant Oman asserts that he should not be required to expend his limited personal resources in discovery in this Court when the case has no connection to Missouri and should be transferred to Texas under 28 U.S.C. § 1404(a). Defendant Oman states that he "will be filing a motion to transfer in the near future."

While defendants have previously filed motions to dismiss, those motions were almost entirely dedicated to the issue of personal jurisdiction. Only two paragraphs at the end of defendants Red McCombs and Hal Jones's motion to dismiss related to the issue of venue. Defendant Brady Oman's motion did not seek dismissal or transfer based on improper venue. Based on defendant Oman's response to plaintiff's motion to compel, which refers to recent jurisdictional discovery, it appears that transfer of this case to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1404(a) might be appropriate. Furthermore, based on defendant Oman's representations, he will be filing such a motion shortly. In the interest of judicial efficiency, the Court will deny without prejudice plaintiff's motion to compel, and order the parties to brief the issue of transfer to the Western District of Texas pursuant to 28 U.S.C. § 1404(a). If, after consideration, the Court rules that transfer is inappropriate, plaintiff may refile its motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that defendants shall file any motion(s) to transfer venue pursuant to 28 U.S.C. § 1404(a), supported by all necessary affidavits and documentation, by June 17, 2011.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel discovery directed to defendant Brady Oman is **DENIED without prejudice** to refiling, if appropriate, after the Court has issued a ruling on any motion to transfer, or after June 17, 2011 if no motion to transfer is filed. [Doc. 40]

**IT IS FURTHER ORDERED** that the hearing on plaintiff's motion to compel is **vacated**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __16th__ day of May, 2011.