**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| FLEISHMAN-HILLARD, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10-CV-676 CAS |
| ) | |
| RED MCCOMBS, HAL JONES, ) | |
| BRADY OMAN, and THE FLAGSHIP ) | |
| GROUP GENERAL PARTNERSHIP, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Brady Oman's motion to dismiss plaintiff's first amended complaint or, in the alternative, motion to transfer venue under 28 U.S.C. § 1404, and defendants Hal Jones and Red McCombs' second amended motion to dismiss for lack of personal jurisdiction or, in the alternative, motion to transfer venue under 28 U.S.C. § 1404. Plaintiff Fleishman-Hillard, Inc. opposes the motions, and defendants have filed replies. For the following reasons, the Court will grant in part and deny in part the motions and will transfer this case to the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1406(a).

**Background**

Plaintiff Fleishman-Hillard, Inc. ("plaintiff") is a public relations and communications firm. According to the initial complaint, defendants Brady Oman, Hal Jones, and Red McCombs are the "founding principals, members, and owners of Flagship Group, LLC, a Delaware limited liability company." (Compl. ¶ 5). In July 2008, plaintiff and Flagship Group, LLC entered into a written

consulting agreement whereby plaintiff agreed to furnish public relations and communications services to Flagship Group, LLC.  Flagship Group, LLC did not pay for these services, and in August 2009, plaintiff filed a collection lawsuit against Flagship Group, LLC in St. Louis County Circuit Court.  Plaintiff and Flagship Group, LLC entered into a Consent Judgment in that case on February 3, 2010, and the Consent Judgment remains unpaid.

On March 8, 2010, plaintiff filed another complaint in the St. Louis County Circuit Court. This time plaintiff sued the individual defendants Brady Oman, Hal Jones, and Red McCombs alleging intentional and negligent misrepresentation, piercing the corporate veil, and quantum meruit/unjust enrichment.  Among other forms of relief, plaintiff asked the court to invoke its equitable powers and pierce the corporate veil of Flagship Group, LLC to hold the individual defendants personally liable under the Consent Judgment.  Defendants removed the case to this Court on April 22, 2010.

All three defendants filed motions to dismiss based on lack of personal jurisdiction.  In ruling on those motions, this Court found that the only potential means of asserting personal jurisdiction over the defendants would be to find Flagship Group, LLC the alter ego of defendants, disregard the corporate entity, and attribute Flagship Group, LLC's contacts with Missouri to the individual defendants.  The Court ordered the parties to engage in jurisdictional discovery to determine whether Flagship Group, LLC was the alter ego of defendants, and allowed the parties to renew their motions to dismiss after discovery.

Jurisdictional discovery produced the company agreement of Flagship Group, LLC. Pursuant to the company agreement, the only member of Flagship Group, LLC is defendant Brady Oman.  Neither Hal Jones nor Red McCombs were founding principals, members, and owners of

Flagship Group, LLC as alleged in plaintiff's initial complaint.  Therefore, even if plaintiff were to successfully pierce the corporate veil, the Missouri contacts of Flagship Group, LLC would be attributable only to defendant Brady Oman.

After the close of jurisdictional discovery, plaintiff amended its complaint.  The amended complaint does not allege any cause of action for piercing the corporate veil and does not discuss any alter ego theory.  In the amended complaint, plaintiff has not sued Flagship Group, LLC. Instead, plaintiff sues a business entity called "The Flagship Group General Partnership" and the individual defendants Brady Oman, Hal Jones, and Red McCombs.  Plaintiff alleges that the three individual defendants formed a general partnership, The Flagship Group General Partnership, by estoppel.  Plaintiff alleges that its consulting agreement was entered into with this general partnership and not Flagship Group, LLC.  Plaintiff alleges breach of the consulting agreement (Count I),  suit on account (Count II), quantum meruit/unjust enrichment (Count III), request for a creditor's bill (Count IV), and partnership by estoppel (Count V).

Defendants renewed their motions to dismiss for lack of personal jurisdiction or to transfer venue.  In response to these motions, plaintiff states that defendants Brady Oman, Hal Jones, and Red McCombs are general partners of The Flagship Group General Partnership, and that this case is founded upon The Flagship Group General Partnership's breach of the consulting agreement. Because the consulting agreement contains a mandatory forum selection clause, plaintiff argues that the general partners have consented to jurisdiction in Missouri courts.  In addition, plaintiff filed a motion for partial summary judgment seeking judgment in its favor declaring that defendants Brady

3

Oman, Hal Jones, and Red McCombs are general partners of The Flagship Group General Partnership.[1]

**Discussion**

Defendants have brought motions in the alternative. Defendants Hal Jones and Red McCombs have brought a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue under 28 U.S.C. § 1404. Defendant Brady Oman has brought a motion to dismiss plaintiff's first amended complaint for lack of personal jurisdiction and for failure to state a claim or, in the alternative, a motion to transfer venue under 28 U.S.C. § 1404.[2] Because the Court must determine whether it has personal jurisdiction over defendants in order to analyze venue under the appropriate venue statute, the Court will first address defendants' personal jurisdiction arguments.

**(A)  Personal Jurisdiction**

If jurisdiction is controverted, the plaintiff has the burden of proving facts supporting personal jurisdiction. Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG, 646 F.3d 589, 592 (8th Cir. 2011). "The plaintiff's prima facie showing must be tested, not by the pleading alone, but by the affidavits and exhibits presented with the motions and opposition thereto." Miller v.

---

[1] On August 24, 2011, the Court granted defendants' motions to stay the time to respond to plaintiff's motion for partial summary judgment. At the time, the Court could not determine whether it needed defendants to respond to plaintiff's motion for partial summary judgment in order to rule on defendants' motions to dismiss or transfer venue. The Court now finds it unnecessary to rule on the motion for partial summary judgment prior to ruling on the instant motions. Therefore, plaintiff's motion for partial summary judgment remains pending and is not fully briefed.

[2] Defendant Brady Oman's motion to dismiss for failure to state a claim argues that the case should be dismissed as barred by the doctrines of claim preclusion and claim splitting. Because the Court finds that it lacks personal jurisdiction over defendant Oman, it will not address the merits of defendant's motion to dismiss for failure to state a claim. The Court will deny without prejudice the motion to dismiss for failure to state a claim.

Nippon Carbon Co., Ltd., 528 F.3d 1087, 1090 (8th Cir. 2008) (quoting Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004)). "If a district court does not hold a hearing and instead relies on pleadings and affidavits . . . the court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991) (internal citations omitted).

Plaintiff does not contest the facts related to the individual defendants' contacts with Missouri. Based upon their uncontested affidavits, the individual defendants have no personal contacts with Missouri.[3] Instead of asserting personal jurisdiction based upon the Missouri long-arm statute and due process arguments, plaintiff points to the mandatory forum selection clause in the consulting agreement, and argues the Court should exercise personal jurisdiction over defendants by consent.

The consulting agreement was drafted by plaintiff's legal department. See Sweetman Dep., Doc. 67, Ex. C at 27. The forum selection clause states: "This agreement . . . shall be governed and construed under the laws of the state of Missouri and shall be litigated in the state or federal courts thereof." Consulting Agreement ¶ 14. The consulting agreement expressly states that it is between plaintiff and "Flagship Group a Delaware corporation." Id. at 1. It is signed by the "Chairman/Principal" of the Flagship Group, Brady Oman. Id. at 6. Plaintiff's representative, Della Sweetman, testified at deposition that Mr. Oman described the Flagship Group as a corporation. See Sweetman Dep., Doc. 67, Ex. C at 24-25. The consulting agreement does not refer to any entity

---

[3]For a more in-depth discussion of defendants' contacts with the State of Missouri, see Memorandum and Order dated January 7, 2011 (Doc. 31).

5

known as The Flagship Group General Partnership, and does not refer to either defendants Hal Jones or Red McCombs.

Plaintiff argues the contract should be interpreted as being between itself and a different entity, The Flagship Group General Partnership, based on a legal conclusion that such an entity existed and was the actual signatory of the contract.  Further, plaintiff argues, once the contract is interpreted as being between plaintiff and The Flagship Group General Partnership, the Court can enforce the forum selection clause of the consulting agreement and exercise personal jurisdiction over the alleged general partners, Oman, Jones, and McCombs.  To exercise personal jurisdiction over defendants, then, first the Court would have to reach the conclusion that the entity The Flagship Group General Partnership existed as a partnership by estoppel.  Next the Court would have to conclude that despite its express terms, the consulting agreement was actually between plaintiff and this partnership by estoppel.  Only at this point could the Court enforce the forum selection clause as providing for personal jurisdiction by consent over the general partners of this general partnership.

Viewed in the light most favorable to plaintiff, the facts do not support the exercise of personal jurisdiction over Brady Oman, Hal Jones, and Red McCombs.  While plaintiff's argument is not altogether unpersuasive, especially in light of the various companies and complex corporate structures involved in defendants' golf development project, it fails for various reasons.  First, the Court cannot alter an unambiguous contract by construction.  Pursuant to the consulting agreement, Missouri law would apply to plaintiff's breach of contract claim.  Under Missouri law, construction of a contract is generally a question of law.  Textor Const., Inc. v. Forsyth R-III School Dist., 60 S.W.3d 692, 697 (Mo. Ct. App. 2001).  "'It is not within the province of the court to alter a contract

by construction, or to make a new contract for the parties.'" Id. at 697 (quoting Rickey v. New York Life Ins. Co., 71 S.W.2d 88, 93 (Mo. 1934)). "Where there is no ambiguity in a contract, the intent of the parties is to be determined from the contract alone and the courts will not resort to construction where the intent of the parties is expressed in clear and unambiguous language." Mt. Hawley Ins. Co. v. Azia Contractors, Inc., 886 S.W.2d 640, 642 (Mo. Ct. App. 1994); Grantham v. Rockhurst Univ., 563 S.W.2d 147, 150 (Mo. Ct. App. 1978). A disagreement by the parties as to the proper interpretation to be given the contract does not render it ambiguous. Carondelet Health Sys., Inc. v. Royal Gardens Assocs., 943 S.W.2d 669, 673 (Mo. Ct. App. 1997).

Plaintiff does not argue the consulting agreement is ambiguous or its terms are susceptible to fair and honest differences. Plaintiff does not address the fact that the consulting agreement, by its express terms, is with "The Flagship Group a Delaware corporation," and not a general partnership. Plaintiff avoids this fact so completely that it states in its Statement of Uncontroverted Material Facts: "The Agreement is signed in the name of The Flagship Group, and is not accompanied by any 'Inc.,' 'LLC,' 'L.P.,' or 'L.L.P.' such as would indicate that The Flagship Group or its constituents were entitled to the benefits of limited liability protection." Pl.'s Statement of Uncontroverted Material Facts, ¶ 25. This statement of fact is misleading at best. Although there is no suffix after the Flagship Group in the signature block, the consulting agreement clearly states the Flagship Group is a Delaware corporation. The contract terms are not ambiguous, and the Court need not resort to contract construction. Even viewed in the light most favorable to plaintiff, the facts do not support plaintiff's assertion that the consulting agreement was between plaintiff and an entity plaintiff calls The Flagship Group General Partnership.

Plaintiff's only authority for its argument that the Court should interpret the consulting agreement as being entered into by it and a general partnership consisting of defendants Oman, Jones, and McCombs is <u>Monsanto Co. v. White</u>, 2001 WL 34053249 (E.D. Mo. June 22, 2001). In <u>Monsanto</u>, defendant Wayne White signed a licensing agreement with Monsanto on behalf of "Ronnie & Wayne White." The licensing agreement had a Missouri forum selection clause. Monsanto sought to enforce the licensing agreement in Missouri courts against the brothers Ronnie and Wayne White, arguing that they were partners and jointly and severally liable for the violations. Ronnie White, the nonsignatory of the contract, argued that he and his brother were not partners, he did not sign the licensing agreement, he was not bound to the terms of the agreement, and Missouri courts had no personal jurisdiction over him. <u>Id.</u> at *2.

The Court found that it could exercise personal jurisdiction over Ronnie White based upon the forum selection clause in the licensing agreement. The Court found that Wayne and Ronnie White were partners under Missouri law, and that by signing the licensing agreement in the name of the partnership, Wayne White bound Ronnie White to its terms. In making the determination that the brothers were partners, the Court relied on the following evidence: (1) in meetings with Monsanto, Ronnie confirmed his brother's statements that they were "50/50" partners; (2) on a U.S. Department of Agriculture form for "Farm Operating Plan for Payment Eligibility Review for a Joint Venture or General Partnership," the producer's name was listed as "Ronnie & Wayne White," and the box was checked next to "General Partnership"; (3) a "Report of Acreage" form listed "Ronnie & Wayne White" throughout as the producers of the crop; (4) the brothers filed "U.S. Partnership Return of Income" forms showing the name of the partnership as "Wayne D. & Ronnie E. White, PTR"; (5) on their federal income tax forms, the brothers were listed as general partners with each

8

having a 50 percent share in profits, losses and capital; (6) their state tax returns were filed as a partnership with each brother having a 50 percent interest; (7) in an affidavit, Ronnie referred to "our farm; our planting, our crops and seed; and our procedures," and (8) the brothers displayed a sign on the farm that read "White Bros. Farms."  Monsanto, 2001 WL 34053249 at *2.

Although many distinctions can be made between the facts of Monsanto and the facts here, most significantly the contract in Monsanto was between Monsanto and "Ronnie and Wayne White." In the absence of any reference in the contract to the business structure of "Ronnie and Wayne White," the Court was able to find that the brothers operated as a general partnership based on extrinsic evidence.  Here, however, the consulting agreement was between plaintiff and "Flagship Group a Delaware corporation" and was signed by Brady Oman as the "Chairman/Principal" of the Flagship Group.  The consulting agreement is not ambiguous as to the contracting entities.  The Court is not at liberty to ignore the express language of the contract, which refers to the Flagship Group as a Delaware corporation, and find Flagship Group to be a general partnership.  Moreover, unlike the facts in Monsanto, plaintiff has not pointed to evidence such as tax returns or official forms in which defendants Oman, Jones, and McCombs held themselves out as partners of The Flagship Group General Partnership.  Plaintiff points instead to publicity materials that it produced for defendants in which *plaintiff* emphasized the role of defendants as "partners" or "principals" of the Flagship Group.

Viewing the facts in the light most favorable to plaintiff, the court cannot find that plaintiff has made the requisite showing that the individual defendants Oman, Jones, and McCombs consented to personal jurisdiction in Missouri courts for litigation arising out of the consulting agreement.  Because defendants have no other relevant contacts with the State of Missouri, the Court

finds that exercising either general or specific personal jurisdiction over Oman, Jones, and McCombs in Missouri would offend traditional notions of fair play and substantial justice. See Bell Paper Box, Inc. v. Trans Western Polymers, 53 F.3d 920, 921 (8th Cir. 1995).

**B.      Venue**

Pursuant to 28 U.S.C. § 1404(a), defendants have moved in the alternative to transfer this action for the convenience of the parties to the United States District Court for the Western District of Texas.  When venue in the original district of filing is improper, 28 U.S.C. § 1406(a), the improper venue statute applies, rather than 28 U.S.C. § 1404(a), the convenience transfer statute. See 17 James Wm. Moore, et al., Moore's Federal Practice, § 111.02[1][a] (3d ed. 2011).  This section provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

The Court may transfer a case pursuant to § 1406(a) despite the fact that it lacks personal jurisdiction over defendants. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (court may transfer under § 1406(a) to cure improper venue whether the transferor court has personal jurisdiction over defendants); Mayo Clinic v. Kaiser, 383 F.2d 653, 654 (8th Cir. 1967) ("[Section] 1406(a) should be construed wherever possible to remove procedural obstacles which would prevent an expeditious and orderly adjudication of a case on its merits.").  Because of jurisdictional issues, jurisdictional discovery, amendments to the complaint, and renewed briefing, this case has been pending in this Court for more than eighteen months.  The Court finds it would be in the interest of justice to transfer this case rather than dismiss it, to avoid the costs and delay associated with requiring the plaintiff to refile the case in the transferee district.

10

The facts alleged in the First Amended Complaint and as set forth in the parties' memoranda show that the proposed transferee forum, the Western District of Texas, would have proper venue and personal jurisdiction over the defendants. Accordingly, this action could have been brought in that district. Defendants Hal Jones and Red McCombs request transfer to the San Antonio Division; defendant Brady Oman requests transfer to the Austin Division. Because two of the three defendants request the San Antonio Division, the Court will order transfer to the San Antonio Division.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Brady Oman's motion to dismiss plaintiff's first amended compliant or, in the alternative, motion to transfer venue under 28 U.S.C. § 1404 is **GRANTED in part** and **DENIED without prejudice in part**. The motion is granted to the extent it seeks transfer of this action to the United States District Court for the Western District of Texas, and denied without prejudice in all other respects. [Doc. 70]

**IT IS FURTHER ORDERED** that defendants Hal Jones and Red McCombs' second amended motion to dismiss for lack of personal jurisdiction or, in the alternative, motion to transfer venue under 28 U.S.C. § 1404 is **GRANTED in part** and **DENIED in part**. The motion is granted to the extent it seeks transfer of this action to the United States District Court for the Western District of Texas, and denied in all other respects. [Doc. 72]

**IT IS FURTHER ORDERED** that plaintiff's motion for partial summary judgment remains pending for disposition by the transferee court. [Doc. 75]

An appropriate order of transfer will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   24th   day of October, 2011.